UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FELICIANO NINO ISIDOR,

          Petitioner,

v.

KRISTI NOEM, et al.,

          Respondents.

No. 1:26-cv-01508-DJC-SCR

ORDER

Petitioner filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. (ECF No. 2)) seeking an order releasing Petitioner from custody.  The Court indicated its intent to rule directly on the merits of the underlying Petition and neither party objected.

Petitioner entered the United States prior to his present detention.  (Pet ¶ 16; Opp'n (ECF No. 9) at 2.)  Petitioner asserts this entry was in 1993 as a newborn child, But Respondents simply indicate that this was "on an unknown date and time."  (Pet. ¶ 16; Opp'n at 2.)  Prior to Petitioner's present detention, it does not appear that he had any contact with immigration officials.  In 2025, Petitioner received a state conviction for driving while intoxicated and was incarcerated.  (Pet. ¶ 19.)  On November 20, 2025, Petitioner was taken into ICE custody and has not been given a bond hearing.  (Pet. ¶ 20.)

The Court's prior orders are largely dispositive on the issues raised in the Petition and Motion.  *See Morillo v. Albarran*, No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); *E.L.D.M. v. Becerra*, No. 1:25-cv-01906-DJC-JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025).  For the reasons stated in those cases, Petitioner has established that he is entitled to relief.  As Petitioner has been present in the United States prior to his present detention, he is correct that he does not qualify as an "applicant for admission" and thus cannot be detained under 8 U.S.C. § 1225(b)(2).  *See Morillo*, 2025 WL 3707140, at *4.  Thus, Petitioner was entitled to the procedures and rights afforded under 8 U.S.C. § 1226(a), most notably, a bond hearing.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Counts 1 and 2.[1]

2. Within seven (7) days of this Order, Respondents shall afford Petitioner Feliciano Nino Isidor a bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered.

3. The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:  **February 26, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

2